MINNIE D. JOHNSON

*v.*

STATE OF ILLINOIS.

*Opinion filed November 28, 1922.*

GOVERNMENTAL FUNCTION—This case is similar to that of *Margaret Pearson, Admr'x., etc.,* v. *State, Supra,* and the decision of the Court in that case governs this case.

Edward J. Brundage, Attorney General, for State.

This case comes before the Court upon the petition of Minnie D. Johnson, widow of Nels Johnson, praying that this Court award her the sum of $10,000.00 by reason of the death of her said husband, Nels Johnson, caused while in the employment of the State of Illinois.

The testimony in this case shows that the deceased was in his lifetime and on the 1st day of December, 1921, employed as a carpenter in the construction of, what is known as the new penitentiary at the Illinois State penitentiary in Lockport Township, Will County, Illinois; that said construction was being carried on by the State of Illinois by and through the penitentiary commission; that on the 1st day of December, 1921, the deceased was assigned to work by his foreman or superintendent, on a scaffold erected about a concrete and steel cell house, known as Cell House E., at a height of about sixty feet, and that said scaffolding broke and fell to the basement of the cell house while said Nels Johnson was engaged in his work on the same, as a result he fell to and upon the basement, whereby he received external injuries from which he afterwards, on the 2nd day of December, died.

The testimony shows that said Nels Johnson left, him surviving his widow, Minnie D. Johnson, Sophia Johnson, Rudolph Johnson, Agnes Johnson, Harry Johnson, Viola Johnson, Theodore Johnson, Howard Johnson and Alfred Johnson; that all of the said persons were dependent upon the said Nels Johnson for support, except Sophia Johnson and Rudolph Johnson who reside in the City of Chicago and are supporting themselves.

The attorney general filed a demurrer to the petition, which as a matter of law will be sustained.

There can be no question under the law but what the State of Illinois is not liable for injuries sustained by or for the death of its employees while in the performance of their duties, as neither the Workmen's Compensation Act or the doctrine of *respondeat superior* is applicable to the State of Illinois.

However, the Court finds that as a matter of equity and social justice an award should be made and we therefore award the petitioner the sum of three thousand seven hundred and fifty dollars ($3,750.00).